| | |
|---|---|
| Attorney(s): | Willard Shih, Esq. (Atty. ID #037121996) |
| | WILENTZ, GOLDMAN & SPITZER, P.A. |
| Address: | 90 Woodbridge Center Drive, P. O. Box 10 |
| | Woodbridge, New Jersey 07095 |
| Telephone No: | (732) 636-8000 |
| Fax No.: | (732) 726-6682 |
| Attorney(s) for Plaintiffs: | KJY Investment, LLC |

-------------------------------------------------X

KJY Investment, LLC,

    Plaintiff,

v.

42nd and 10th Associates, L.L.C.,

    Defendant.

-------------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
BERGEN COUNTY
DOCKET NO. BER L 005477-18

CIVIL ACTION

SUMMONS

From the State of New Jersey
To the Defendant(s) Named Above: <u>42nd and 10th Associates, LLC</u>   c/o CSC

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 31, 2018

                                                   **/s/Michelle M. Smith, Esq.**
                                                       *Michelle M. Smith, Superior Court Clerk*

Name of Defendant to be Served:     42ND AND 10TH ASSOCIATES, LLC
Address of Defendant to be Served:    C/O Corporation Service Company
                                               80 State Street
                                               Albany, New York 12207

*$175 FOR CHANCERY DIVISION CASES OR $175 FOR LAW DIVISION CASES
31 Summons – Law or Chancery Divisions
Superior Court – Appendix XII-A

#10053302.1

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section
Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn.: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08606
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVCIES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103-4001
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main St.
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
237 Hall of Records
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn.: Intake
Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 798-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 088822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, West Wing
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Administration & Records Building
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(609) 935-5629
LEGAL SERVICES
(609) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYERS REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                       TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JULY 27, 2018
                        RE:     KJY INVESTMENT, LLC   VS 42ND AND 10TH ASSOCIATE
                        DOCKET: BER L -005477 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON CHRISTINE A. FARRINGTON

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH   R.4:5A-2.
                        ATTENTION:
                                    ATT: WILLARD C. SHIH
                                    WILENTZ GOLDMAN & SPITZER
                                    90 WOODBRIDGE CENTER DR STE 900
                                    PO BOX 10
                                    WOODBRIDGE         NJ 07095-0958


ECOURTS
```

Willard C. Shih, Esq. (037121996)
WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
732.636.8000
Attorneys for Plaintiff
KJY Investment, LLC

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
BERGEN COUNTY
DOCKET NO. BER-L-

----------------------------------------X
KJY INVESTMENT, LLC,             :
                                 :
        Plaintiff,               :
                                 :      **COMPLAINT**
v.                               :
                                 :
42ND AND 10TH ASSOCIATES, L.L.C.  :
                                 :
        Defendant.               :
                                 :
----------------------------------------X

Plaintiff, KJY Investment, LLC ("KJY" or the "Plaintiff"), by and through its undersigned attorneys, Wilentz, Goldman & Spitzer, P.A., as and for its Complaint against Defendant 42nd and 10th Associates, L.L.C. ("Landlord" or the "Defendant"), hereby alleges as follows:

1. Landlord induced KJY to loan one and a half million dollars ($1,500,00.00) to its tenant, 470 West 42 Street Gourmet Food Inc. ("Tenant"). KJY made the loan in part based upon a document Landlord delivered shortly before the closing of the loan, representing that Tenant was current on its obligations under the terms of its lease, as amended, with the Landlord. KJY subsequently learned this representation was false, and that Tenant had not fully paid the

1

#9823810.3

lease-mandated rent. Had KJY been aware that Tenant was not in compliance with its lease, as amended, it would not have loaned $1,500,000.00 to Tenant. KJY brings this action for fraudulent inducement, among other claims, against Landlord.

2. KJY is a New Jersey limited liability company with an address of 21 Mohegan Trail, Saddle River, New Jersey 07458.

3. Upon information and belief, Landlord is a New York limited liability company with an address of 60 Columbus Circle, New York, New York 10023.

4. On or about October 23, 3013, 470 West 42 Street Gourmet Food Inc. d/b/a Treehaus ("Tenant") and Landlord entered into a lease agreement (the "Lease") covering commercial property (a deli) located at 470 West 42nd Street, New York, New York, Ground Floor Unit #1, Ground Floor Unit #2 and Lower Level (the "Leased Premises").

5. Upon information and belief, Tenant was then owned and operated by Michael C. Park who is its President, assisted by his mother, Ryunghee Cho, both of whom were and are New Jersey residents.

6. Tenant did not pay rent when due.

7. As of August 1, 2015, Landlord claimed Tenant owed $623,905.57.

8. The Lease was subsequently amended by a First Amendment of Lease (the "First Amendment") dated as of September 29, 2015 wherein Landlord and Tenant agreed that the Rent Commencement Date of the Lease occurred on February 1, 2015, that the Tenant encountered "several delays in the performance of Tenant's Initial Alterations and has not yet opened the Premises for Business," and that "as a result of Tenant's inability to open for business, Tenant has accrued a past due balance of the Rental payable under the Lease totaling $623,905.57...."

#9823810.3

9. Landlord and Tenant agreed in the First Amendment that Tenant would "commence the payment of full Rental payable pursuant to the terms of the Lease as of August 1, 2015" and that "[a]ll Rental payments shall be due and payable on or before the first (1st) day of each calendar month during the Lease Term without demand or invoice by Landlord, and without set-off or deduction whatsoever."

10. Prior to entering the First Amendment, both Landlord and Tenant recognized Tenant required additional funding to commence operations.

11. Upon information and belief, Tenant could not secure traditional financing.

12. Upon information and belief, Landlord knew Tenant could not secure traditional financing.

13. Landlord introduced KJY to Tenant as a potential source of alternate financing.

14. Landlord and Tenant told KJY they hoped KJY would provide financing to Tenant so that it could complete construction of the deli and open for business. Landlord knew that financing obtained from KJY would benefit Landlord as such financing would be another source of monies to pay Tenant's monthly rent.

15. KJY and Tenant proceeded to negotiate the terms of the financing. KJY's principal, Mr. Yongman Kim (a New Jersey resident) negotiated the terms of the financing directly with Mr. Park. Sukjin Cho, Esq. (an attorney with offices in Fort Lee, New Jersey) represented KJY. Mr. Cho also took part in the negotiations.

16. On October 14, 2015, KJY agreed to loan Tenant the principal amount of $1,500,000.00 (the "Loan"), as evidenced by a certain Loan Agreement dated as of that same date.

#9823810.3

17. Before agreeing to the Loan, KJY required the Landlord to represent that Tenant was in full compliance with the First Amendment of the Lease.

18. KJY was not willing to agree to loan $1,500,000.00 if Tenant was not in compliance with terms of the First Amendment of the Lease, including its obligation to pay rent when due.

19. Landlord knew that prior to agreeing to give financing, KJY required a representation that Tenant was in compliance with the terms of the First Amendment of the Lease, including its obligation to pay rent when due.

20. Landlord represented to KJY that it had no knowledge of Tenant failing to comply with the terms of the Lease except as otherwise provided in the First Amendment.

21. To memorialize the Landlord's representation, a Certificate of Lessor was prepared and negotiated.

22. The Landlord was to sign the Certificate of Lessor and deliver it to KJY.

23. The Certificate of Lessor stated, "the Lessor has no knowledge of any default on the part of the Lessee under the terms of the Lease of the Premises except as otherwise provided in the First Amendment of Lease of event [sic] date herewith."

24. Landlord and its counsel reviewed the Certificate of Lessor.

25. On or about October 8, 2015, Landlord executed the Certificate of Lessor.

26. Landlord executed the Certificate of Lessor to induce KJY to enter into the Loan.

27. Landlord executed the Certificate of Lessor with full knowledge that KJY would reasonably rely thereon.

4

#9823810.3

28. KJY relied upon this representation, as it would not have loaned $1,500,000.00 to Tenant if it was not fully in compliance with the terms of its Lease, except as set forth in the First Amendment of the Lease.

29. Landlord's representation that it had "no knowledge of any default on the part of the Lessee under the terms of the Lease of the Premises except as otherwise provided in the First Amendment of Lease of event [sic] date herewith" was false when made.

30. Landlord had not received rent when due as of October 8, 2015.

31. Landlord did not advise KJY that it had not received rent when due as of October 8, 2015.

32. Subsequent to the execution of the Certificate of Lessor, KJY learned Landlord had not received rent when due as required under the term of the Lease, as amended.

## COUNT I
## FRAUDULENT INDUCEMENT

33. KJY repeats and realleges its allegations in the prior paragraphs of its Complaint as if fully set forth herein.

34. Landlord knew Tenant was in distressed financial circumstances.

35. In the Certificate of Lessor, Landlord represented that "the Lessor has no knowledge of any default on the part of the Lessee under the terms of the Lease of the Premises except as otherwise provided in the First Amendment of Lease of event [sic] date herewith."

36. This representation was false when made.

37. As of October 8, 2015, Landlord had not received rent when due.

38. Landlord was aware that it had not received rent when due.

39. Landlord knowingly or recklessly misrepresented and concealed material facts with the intent to deceive KJY that it had not received rent when due.

5

#9823810.3

40. Landlord intended its representations and omissions to induce KJY to enter into the Loan.

41. KJY reasonably relied upon Landlord's misrepresentations and omissions in deciding to enter into the Loan. KJY would not have entered into the Loan had it known Tenant was not in compliance with the Lease.

42. As set forth above, Landlord engaged in intentional, willful and malicious misconduct in utter disregard of the potential severe adverse economic consequences to KJY.

43. As a direct and proximate result of Landlord's misrepresentations and omissions, KJY has been damaged and is entitled to recover compensatory damages in an amount to be determined at trial, as well as punitive damages in amount to be determined at trial.

WHEREFORE, KJY requests the entry of judgment in its favor and against Landlord as follows:

    A.    Awarding compensatory and punitive damages;

    B.    Awarding interest, attorney's fees and costs of suit; and

    C.    Awarding such other and further relief as the Court deems equitable and just.

## COUNT II
## FRAUDULENT CONCEALMENT

44. KJY repeats and realleges its allegations in the prior paragraphs of its Complaint as if fully set forth herein.

45. Landlord knew Tenant was in distressed financial circumstances.

46. On and prior to October 8, 2015, Landlord knew that it had not received the rent as due under the terms of the Lease, as amended.

47. Landlord concealed that it had not received the rent as due under the terms of the Lease, as amended.

6

#9823810.3

48. Landlord intentionally and/or recklessly failed to disclose to KJY that it had not received the rent as due under the terms of the Lease, as amended.

49. On October 14, 2015, KJY entered into the Loan, having been led to believe that Tenant was current on its obligations to pay rent.

50. KJY reasonably relied upon Landlord's misrepresentations and omissions in deciding to enter into the Loan.

51. Landlord engaged in intentional, willful and malicious misconduct in utter disregard for the severe economic consequences for KJY.

52. As a direct and proximate result of Landlord's misrepresentations and omissions, KJY has been damaged and is entitled to recover compensatory damages in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial.

WHEREFORE, KJY requests the entry of judgment in its favor and against Landlord as follows:

    A. Awarding compensatory and punitive damages;

    B. Awarding interest, attorney's fees and costs of suit; and

    C. Awarding such other and further relief as the Court deems equitable and just.

### COUNT III
### NEGLIGENCE

53. KJY repeats and realleges its allegations in the prior paragraphs of its Complaint as if fully set forth herein.

54. Landlord knew Tenant was in distressed financial circumstances.

55. Landlord owed a duty to KJY to make honest representations in the Certificate of Lessor.

7

#9823810.3

56. Landlord owed a duty to KJY to investigate whether its representations contained in the Certificate of Lessor were true.

57. Landlord breached the duty of care owed to KJY by failing to disclose that it had not received the rent as due under the Lease, as amended.

58. Landlord breached the duty of care owed to KJY by failing to disclose to KJY, post-closing, that it had not received the rent as due under the Lease, as amended.

59. As a direct and proximate result of Landlord's misrepresentations and omissions, KJY has been damaged and is entitled to recover compensatory damages in an amount to be determined at trial.

WHEREFORE, KJY requests the entry of judgment in its favor and against Landlord as follows:

A. Awarding compensatory and punitive damages;

B. Awarding interest, attorney's fees and costs of suit; and

C. Awarding such other and further relief as the Court deems equitable and just.

## JURY DEMAND

KJY demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, Willard C. Shih, Esq. is hereby designated as trial counsel.

WILENTZ, GOLDMAN & SPITZER, P.A.

BY: _____
WILLARD C. SHIH, ESQ.
Attorneys for Plaintiff
KJY Investment LLC

Dated: July 27, 2018

8

#9823810.3

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

I certify that, to the best of my knowledge, information and belief, that the matter in controversy herein is not the subject of any other proceeding pending in any court or of any pending arbitration proceeding, that no other action or arbitration is contemplated, and that I am aware of no other party that should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

BY: _____
WILLARD C. SHIH, ESQ.

Dated: July 27, 2018

## RULE 4:5-1(b)(3) CERTIFICATION

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing is true. I am aware that if the foregoing is willfully false, I am subject to punishment.

BY: _____
WILLARD C. SHIH, ESQ.

Dated: July 27, 2018

9

#9823810.3

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005477-18

**Case Caption:** KJY INVESTMENT, LLC VS 42ND AND 10TH ASSOCI ATE
**Case Initiation Date:** 07/27/2018
**Attorney Name:** WILLARD C SHIH
**Firm Name:** WILENTZ GOLDMAN & SPITZER
**Address:** 90 WOODBRIDGE CENTER DR STE 900 PO BOX 10
WOODBRIDGE NJ 070950958
**Phone:**
**Name of Party:** PLAINTIFF : KJY Investment, LLC
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/27/2018                                                                  /s/ WILLARD C SHIH
Dated                                                                              Signed