**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KJY INVESTMENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 42nd and 10th ASSOCIATES, LLC, <br><br> Defendant. | Civil Action No.: 20-2834 (CCC) <br><br> **OPINION** |
| 42nd and 10th ASSOCIATES, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> 470 W 42 STREET GOURMET FOOD, INC., <br><br> Third-Party Defendant. | |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court on Plaintiff KJY Investment, LLC's ("Plaintiff") motion to remand this case to state court. ECF No. 10. Defendant and Third-Party Plaintiff 42nd and 10th Associates, LLC ("Defendant") opposed. ECF No. 11. On May 18, 2020, Chief Magistrate Judge Mark Falk issued a Report and Recommendation ("R&R"), recommending that the case be remanded to state court. ECF No. 13 ("R&R"). Defendant subsequently filed objections ("Objections") to Judge Falk's R&R on June 1, 2020. ECF No. 14 ("Obj."). Plaintiff filed a letter in support of Judge Falk's R&R on June 2, 2020. ECF No. 15. The Court decides this

1

matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court adopts Judge Falk's R&R and grants Plaintiff's motion to remand.

## II.    BACKGROUND

### A. Procedural Background

Plaintiff filed the instant Complaint on July 27, 2018 in the New Jersey Superior Court (the "Superior Court"), Bergen County, alleging that Defendant, a commercial landlord, made affirmative misrepresentations to Plaintiff to induce Plaintiff to loan $1.5 million to Defendant's insolvent tenant. ECF No. 1-2.  On August 7, 2018, Plaintiff served Defendant with the Complaint. ECF No. 10-3, Exh. A.  The parties negotiated an extension of time to respond, and a stipulation deferring the time to answer to November 7, 2018 was entered. Id., Exh. B.  Around the same time, Plaintiff served discovery. *See* ECF No. 10-2, at 2.  The parties executed a second consent order deferring responses to those discovery demands to November 19, 2018. ECF No. 10-3, Exh. C.

On November 7, 2018, the day Defendant's answer was due, Defendant wrote to the Superior Court advising that its tenant, although not a party to the case, was in bankruptcy in the United States Bankruptcy Court for the Southern District of New York, and that the tenant had filed a motion to have the automatic bankruptcy stay provision applied to the Superior Court case, which had been granted. Id., Exh. D.  In response to the Bankruptcy Court's order, the Superior Court entered an Order[1] captioned "Amended Order of Disposition on Account of Bankruptcy Proceeding," ("Order on Account of Bankruptcy") which stated that "all claims pending herein are dismissed, without prejudice and without costs, subject to the restoration as allowed for below." ECF No. 10-3, Exh. E.  The Order on Account of Bankruptcy continued with language relating to

---

[1] The Superior Court entered two such orders. *See* ECF No. 10-2 at 3.  The first, dated November 16, 2018, erroneously identified Defendant as the party in bankruptcy. *See* id.; ECF No. 1-3.  The second, dated March 11, 2019, reflected the correct party in the bankruptcy proceeding as Defendant's tenant. ECF No. 10-3, Exh. E.

reinstatement of the case following resolution of the bankruptcy proceeding or upon permission from the bankruptcy court to proceed with this matter. Id. at 1–2. The Order on Account of Bankruptcy states, for example, that if the bankruptcy proceedings are concluded and the plaintiff "still wishes to pursue this matter under this caption," they shall make an application "to vacate this AMENDED ORDER . . . and restore the claim(s) made." Id. at 1.[2]

On February 14, 2020, after the bankruptcy proceeding ended, the Superior Court entered a Reinstatement Consent Order, upon application by Plaintiff. ECF No. 1-4. The Reinstatement Consent Order "vacated" the Order on Account of Bankruptcy and ordered that the "lawsuit is restored to active status." Id. The Reinstatement Consent Order further set a deadline for Defendant to respond to the complaint, a briefing schedule on a motion to dismiss, and a discovery end-date of May 30, 2020. Id.

### B. The Instant Motion

On March 16, 2020, Defendant removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). ECF No. 1. On April 7, 2020, Plaintiff moved to remand, arguing that 28 U.S.C. § 1446 required that a case be removed within thirty days of receipt of the pleading, and that Defendant's removal violated the rule because it was effectuated 587 days after the Complaint was served. ECF No. 10-2. In its opposition to the motion to remand, Defendant contends that it had thirty days to remove from when the case was reinstated on February 14, 2020. ECF No. 11.

This Court referred Plaintiff's motion to Chief Magistrate Judge Falk pursuant to 28 U.S.C. § 636(b)(1)(B). On May 18, 2020, Judge Falk entered his decision, recommending that Plaintiff's

---

[2] The original Order contained the same language regarding the restoration of claims, the temporary dismissal, etc. with the only difference being additional language that related to its erroneous belief that Defendant was a party to the bankruptcy. *See* ECF No. 1-3.

motion to remand be granted. R&R, ECF No. 13.  Judge Falk noted that there is no dispute that diversity jurisdiction is present but rather the issue is whether Defendant's removal was timely. Id. at 4.  Judge Falk found:  (1) the removal period was triggered upon service of the Complaint in August 2018, meaning the removal period "expired well before the case was suspend[ed]"; and (2) dismissal without prejudice and restoration of the case did "not give rise to a second chance to remove."  Id. at 4–8.

### III.    LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). "Within 14 days . . . , a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2).  The district court must make a *de novo* determination of those portions of the Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).  The district court may then "accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).  A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

### IV.    DISCUSSION

Once a motion to remand is filed, the party that removed the case has the burden of establishing the propriety of removal. *Carroll* v. *United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (citing *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)); *see*

4

*Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  The "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer*, 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *see Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  The Court finds, as Judge Falk did, that Defendant did not meet its burden of establishing the propriety of removal because:  (1) the removal period expired in September 2018; and (2) an exception to the thirty-day deadline for removal is unwarranted here. *See* R&R at 4–8.

Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days after receipt by the defendant "of the initial pleading setting forth the claim for relief upon which such action . . . is based."  Section 1446(b) was designed to create a firm and definite period for removal. *See Sibalich v. Nationwide Ins. Co.*, No. 18-7818, 2018 WL 4519311, at *2 (D.N.J. Sept. 4, 2018), *report and recommendation adopted,* 2018 WL 4510263 (D.N.J. Sept. 19, 2018) (describing section 1446(b) as a "strict 30-day removal period"); *Johnson v. Allison*, No. 12-0041, 2012 WL 2061462, at *1 (M.D. Pa. June 7, 2012) (labeling section 1446(b) a "strict mandate"); *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 223724, at *4 (D.N.J. Jan. 24, 2011), *report and recommendation adopted,* 2011 WL 500195 (D.N.J. Feb. 10, 2011) (also describing the thirty-day period as a "strict time limit[] for removal"); *Maglio v. F. W. Woolworth Co.*, 542 F. Supp. 39, 41 (E.D. Pa. 1982) ("1446(b) was designed to provide a 'uniform and definite time for a defendant to remove an action.'") (quoting *Gottlieb v. Firestone Steel Prod. Co.*, 524 F. Supp. 1137, 1140 (E.D. Pa. 1981).

It is undisputed that the removal period was initially triggered when Defendant received the Complaint on August 7, 2018.  Thus, the removal period expired thirty days later, in September 2018, unless some exception to the strict rules of removal applies here.  The Court finds, as Judge

5

Falk did, that an exception to the firm thirty-day removal period is not applicable here because: (1) the original action remained viable; (2) the reinstated action was merely a continuation of the original action; and (3) equitable and policy considerations do not favor such an exception. *See* R&R at 6–8.

A restart of the period for removal is not warranted because, unlike cases where courts have held that a restart of the thirty-day removal period is acceptable, the original action here remained viable as the dismissal contemplated reinstatement of all claims. The Order on Account of Bankruptcy explicitly stated that all claims were "subject to [] restoration" pending the disposition of bankruptcy; and Defendant has not presented case law in which the removal period was restarted after a similar conditional restoration provision was fulfilled. *See* ECF No. 10-3, Exh. E; Obj at 3–5. Instead, Defendant cites *Manze v. State Farm Insurance Company* (Obj. at 5), wherein the Court found that plaintiff's voluntary dismissal—with no conditional restoration provision—of a state court petition to compel arbitration and appoint an arbitrator, and subsequent filing of a *new* state court action for bad faith failure to arbitrate restarted the thirty-day period for removal. 817 F.2d 1062, 1069 (3d Cir. 1987). Notably, in *Manze*, the court emphasized that the original state court action did not "remain[] viable," as it was dismissed in its entirety and Plaintiff filed a "*new*" action. *Id.* (emphasis in original). By contrast, here, the Order on Account of Bankruptcy explicitly contemplated restoration of all claims once the bankruptcy concluded, thus allowing the original action to "remain[] viable" pending the disposition of the bankruptcy proceeding and not requiring Plaintiff to file a new complaint upon reinstatement. *See* ECF No. 10-3, Exh. E.[3]

---

[3] Defendant argues that, under *Smith v. Toyota*, a case dismissed without prejudice and subject to conditional restoration is not "viable" under the meaning of the removal statute. Obj. at 5 (citing No. 06-2788, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007). The Court disagrees. The *Smith* opinion does not use the term "viable" once and does not address the timeliness of removal. *See*

6

Once the action was restored, it was in all respects a continuation of the original action, which further indicates adherence to the firm removal deadline is appropriate. *Korzinski v. Jackson*, cited by Judge Falk (R&R at 5–6), surveyed federal decisions across the Fifth, Seventh, and Tenth Circuits, and determined that a restart of the removal period is not favored "where the 'new action' commenced is no more than a formality and a continuation, in all other respects, of the original action." 326 F. Supp. 2d 704, 706 (E.D.N.C. 2004). The court in *Korzinski* ultimately found that removal beyond the thirty-day limit is permitted only if "the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Id.* at 707 (quoting *Johnson v. Heublein Inc.*, 227 F.3d 236, 241–42 (5th Cir. 2000)). For example, under the logic of *Korzinski*, removal beyond the deadline in *Manze* was appropriate because the second arbitration petition involved new allegations and new claims. *See Manze* 817 F.2d at 1069, *Korzinski*, 326 F. Supp. 2d at 706. Here, on the other hand, the Complaint was reinstated in its entirety and thus involved the same parties, claims, and allegations as the original action. *See* ECF No. 1-4; *Manze* 817 F.2d at 1069. Therefore, Defendant should not be able to remove this action beyond the thirty-day removal deadline. *See Manze* 817 F.2d at 1069, *Korzinski*, 326 F. Supp. 2d at 706 (E.D.N.C. 2004) (defendants were unable to remove beyond the thirty-day limit because amended complaint had substantially identical causes of action as original complaint).

Furthermore, removal past the deadline is inappropriate because there was procedural continuity between the original and reinstated action. The only asserted lapse in continuity, the Order on Account of Bankruptcy (*see* Obj. at 3–5), was vacated in its entirety. ECF No. 1-4. Moreover, Plaintiff did not change venues, file a new complaint, amend its original Complaint, or

---

*id.* Rather, the court in *Smith* analyzed whether the case plaintiff sought to remove was closed if the plaintiff failed to meet the terms of a conditional order, and found that the case was closed. *See id.*

7

even re-file the same Complaint in order to reinstate the action. Thus, even under a formalistic lens, the case at hand is distinct from cases cited in the Defendant's Objections. *See Chicke v. Experian*, No. 09-1456, 2009 WL 3287388, at *1–2 (M.D. Pa. Oct. 13, 2009) (restarting the period of removal where Plaintiff "filed a *new* action in the court of common pleas" after old action in magisterial district court was dismissed) (emphasis added).[4]

Lastly, equitable and policy considerations do not support disregarding the removal deadline. As noted by Judge Falk (*see* R&R at 5), the purpose behind 18 U.S.C. § 1446(b) is to "prevent a defendant from taking a 'wait-and-see' attitude towards removal, [and] to prevent delay and to avoid duplication of judicial resources." *Korzinski*, 326 F. Supp. 2d at 707; *see Flora v. Luzerne Cty. of Pennsylvania*, No. 13-1478, 2013 WL 4520854, at *2 (M.D. Pa. Aug. 26, 2013) ("The purpose of the thirty-day statutory removal period is two-fold: (1) to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether [to] remove the case to another court system; and (2) to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.") (citing *Wilson v. Intercollegiate (Big Ten) Conference A.A.*, 668 F.2d 962, 965 (7th Cir. 1982).[5]

---

[4] *See also Thrasher v. Windsor Quality Food Co.*, 2014 WL 1572411, at *3 (N.D. Okla. Apr. 18, 2014) (finding that, when an action is dismissed without prejudice "and subsequently *re-filed*, a new 'action' is commenced for purposes of removal") (emphasis added) (quoting *Beebe v. Flores*, No. 11-1381, 2012 WL 112330 (W.D. Okla. Jan. 12, 2012)); *Price v. Food Lion, Inc.*, 768 F. Supp. 181, 182–83 (E.D. Va. 1991) (finding that, "pursuant to Virginia law, by nonsuiting the first lawsuit and *refiling*, plaintiff ha[d] begun a new proceeding on that same cause action") (emphasis added); *Chott v. Cal Gas Corp.,* 746 F. Supp. 1377, 1378 (E.D. Mo. 1990) (restarting period of removal after plaintiffs voluntarily dismissed complaint and "*refiled* a petition against [only one of the original defendants]") (emphasis added).

[5] Additionally, § 1446(c) states that "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction conferred by section 1332 more than 1 year after commencement of the action," suggesting removals over a year past the commencement of an action are

There are no equitable considerations here that justify overriding the purpose behind the thirty-day period for removal. For example, Defendant did not provide any explanation as to why it failed to remove the case prior to the bankruptcy stay. *See* Obj. As the case law cautions against use of a "wait-and-see" approach, and as the statutory law bars removals over a year after the commencement of an action in other contexts, pursuit of removal over a year and a half after the receipt of the original Complaint fails to satisfy equitable considerations. *See Flora*, 2013 WL 4520854, at *2; *Korzinski*, 326 F. Supp. 2d at 707. Moreover, Plaintiff did not engage in any voluntary, let alone bad faith, actions that warrant providing Defendant another opportunity for removal.[6] And considering this action has proceeded in state court for over two years, starting the current action anew in federal court would be an inefficient use of resources. *See Flora*, 2013 WL 4520854, at *2; *Korzinski*, 326 F. Supp. 2d at 707.

Accordingly, because the deadline for removal expired in September 2018, and there is no legal or equitable rationale for an exception to this deadline, Defendant's removal in March 2020 was untimely under § 1446(b).

---

disfavored. The case at hand was not removed under subsection (b)(3) but the provision may nonetheless be instructive for broad, equitable considerations.

[6] By contrast, some cases cited in Defendant's Objections involved *voluntary* dismissals that were initiated by the plaintiffs, rather than *involuntary* dismissals that were the result of a third party's actions. *See, e.g.*, *Manze*, 817 F.2d at 1069; *Chott*, 746 F. Supp. at 1378; *see also Delgado v. Liberty Mutual Fire Ins. Co.*, No. 15-196, 2016 WL 7446520, at *1 (D.N.M. Sept. 15, 2016) (finding that removal past deadline was allowed, with no substantive explanation, where plaintiff permitted his case to be dismissed and did not contest the timeliness of removal).

**V.     CONCLUSION**

For the reasons stated above, the Court adopts Judge Falk's R&R (ECF No. 13) and the motion to remand is granted (ECF No. 10).  An appropriate Order accompanies this Opinion.

**Dated:  December 21, 2020**

CLAIRE C. CECCHI, U.S.D.J.